CIVIL ACTION NO. 10-109-GWU

ELLEN MILLEN,                                                                    PLAINTIFF,

VS.                           **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                              DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of her application for Supplemental Security Income (SSI).  The appeal is

currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.    Is the claimant currently engaged in substantial gainful activity?
      If so, the claimant is not disabled and the claim is denied.

2.    If the claimant is not currently engaged in substantial gainful
      activity, does he have any "severe" impairment or combination
      of impairments--i.e., any impairments significantly limiting his
      physical or mental ability to do basic work activities?  If not, a
      finding of non-disability is made and the claim is denied.

3.    The third step requires the Commissioner to determine
      whether the claimant's severe impairment(s) or combination of
      impairments meets or equals in severity an impairment listed

in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Ellen Millen, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of chronic obstructive pulmonary disease/asthma, obesity (until gastric bypass surgery on April 3, 2006), an anxiety disorder, panic attacks, and borderline intellectual functioning.    (Tr. 32). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that the plaintiff retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefit.  (Tr. 34-5).  The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether the plaintiff, a 48-year-old woman with a limited education and past work experience as a nurse's aide, could perform any jobs if she were capable of "light" level exertion with the ability to stand and walk in combination up to six hours in an eight-hour day, and also had the following non-exertional restrictions.  She: (1) could not crawl, balance, climb ladders, ropes, or scaffolds, work at unprotected heights or around hazardous machinery, and could not have concentrated exposure to fumes, noxious odors,

dust, or gases; (2) could occasionally stoop, kneel, crouch, and climb ramps and stairs; (3) could perform only simple, routine, repetitive tasks and understand, remember, and carry out only short and simple instructions; (4) could not make more than simple work-related decisions or perform simple reading, writing, or math; (5) could work only with ordinary or routine changes in the work setting or duties; and (6) could have no interaction with the general public or interact more than occasionally with coworkers or supervisors.  (Tr. 503-4).  The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the regional and national economies.  (Tr. 504).[1]

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

The plaintiff alleged disability beginning May 21, 1997 due to high blood pressure, congestive heart failure, asthma, anxiety attacks, obesity, medication side effects, and having only one kidney.  (Tr. 78-9).  However, she had filed a prior application for benefits which was denied at the initial level on May 17, 2004 and not further pursued.  The ALJ did not reopen the prior application and applied res judicata to the period before May 17, 2004.  (Tr. 30).  Therefore, she was required

---

[1] The ALJ ultimately found that the plaintiff was capable of lifting 50 pounds occasionally and 25 pounds frequently prior to her gastric bypass surgery and 20 pounds occasionally and 10 pounds frequently after her surgery, but with the same non-exertional restrictions during both periods.  (Tr. 34).

to prove disability from that date through the date of the ALJ's decision on May 29, 2008.

After a review of the record, the court concludes that the administrative decision is not supported by substantial evidence because the hypothetical factors did not reflect the ALJ's functional capacity determination. Regarding the plaintiff's mental limitations, the ALJ stated:

> . . . the State agency psychologists found the claimant could understand and complete simple one-to-two step directions, and <u>would be limited to a slow-paced work environment. While the undersigned concurs with this portion of their determination</u>, the opinion that the claimant could relate to peers and supervisors without difficulty is questionable . . . . the undersigned believes that the claimant would have difficulty interacting with coworkers and supervisors on more than an occasional basis.

(Tr. 38) (emphasis added).

The state agency reviewing psychologists, Ann Demaree and Jan Jacobson, offered opinions in October, 2005 and March, 2006, respectively. Both indicated that the plaintiff would be restricted in sustained concentration and persistence, and would be "moderately limited" in her ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 380, 399). In another portion of the form, they specified that she could "[a]dapt in a work setting within her physical limitations that was not fast paced." (Tr. 381, 400). Mark D. Kroger, a certified psychologist with autonomous

functioning, had conducted a consultative examination of the plaintiff in August, 2005 and diagnosed a variety of problems including an anxiety disorder, "rule out" undifferentiated somatoform disorder, panic attacks, and borderline intellectual functioning.  (Tr. 110-11).  He opined that the plaintiff would have a moderately limited ability to tolerate stress and pressure and accept criticism.  (Tr. 112).

The Sixth Circuit has found that an omission of speed and pace-based restrictions from a hypothetical question is reversible error, and that restrictions to "simple" or "low stress" work do not sufficiently incorporate a claimant's medically established limitations.  Ealy v. Commissioner of Social Security, 594 F.3d 504, 516-17 (6th Cir. 2010) (citations omitted).  The state agency experts clearly found limitations in pace, and as "highly qualified . . . psychologists who are also experts in Social Security disability evaluation," their opinions must be considered by the ALJ.  20 C.F.R. § 416.927(f)(2)(i).  The ALJ did consider and accept their opinions, but did not ask the VE to restrict the claimant to a "slow-paced" work site.  Under the Ealy ruling, the court therefore cannot find that the VE's testimony provides substantial evidence to carry the Commissioner's burden at Step Five.

The plaintiff has submitted additional evidence both to the Appeals Council and directly to this court, which she alleges is new and material in that it relates to her condition prior to the ALJ's decision.  Since the case is being remanded on

other grounds, the new evidence can be considered along with the plaintiff's other

arguments on remand.

      This the 24th day of January, 2011.

**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**